UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NATIONSTAR MORTGAGE, LLC,

    Plaintiff,

v.                                            Case No. 3:14cv494/MCR/CJK

TONA M. DeMERS;

    Defendant,

v.

OCWEN LOAN SERVICING, LLC,

    Counter-defendant.
_____/

## REPORT AND RECOMMENDATION

    This mortgage foreclosure action is before the court on Plaintiff's Motion to Remand (doc. 5).  A hearing on plaintiff's motion was held on March 27, 2015, at which the parties were allowed to present evidence.  The undersigned allowed the parties until April 13, 2015, in which to submit supplemental materials. Both plaintiff and defendant have submitted supplemental materials, which the undersigned has considered.  The matter is now ripe for review.

    Ocwen Loan Servicing, LLC ("Ocwen"), the entity to which defendant DeMers owed a debt under a promissory note and mortgage, filed this matter in Escambia County Circuit Court naming as defendants DeMers, Emerald Coast Utilities

Authority, DeMers' Unknown Spouse, and Unknown Tenants in Possession of the Subject Property. On January 17, 2012, DeMers filed an answer to the complaint and asserted various counterclaims against Ocwen. She filed an amended answer and counterclaims on September 27, 2012. On February 5, 2014, Ocwen filed a motion to amend the complaint, seeking to substitute as the plaintiff Nationstar Mortgage, LLC ("Nationstar"), to whom the debt had been assigned.

The motion to amend was granted by order entered on May 8, 2014, and the judge deemed the amended complaint filed as of that day. The judge allowed the parties twenty days, or until May 28, 2014, in which to file a responsive pleading. DeMers never responded to the amended complaint; instead, she filed a motion on June 16, 2014, asking the court to set aside its order granting leave to amend. In her motion, DeMers stated that she did not receive a copy of the court's order granting leave to amend until May 29, 2014. DeMers removed the action to this court on September 19, 2014 (doc. 1), invoking the court's diversity jurisdiction.[1]

District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, and all civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states, 28 U.S.C. § 1332. If a case over which the district courts have original jurisdiction is filed in state court, it may be removed to federal court. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).

Case No. 3:14cv494/MCR/CJK

the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days afer receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The thirty-day time period set forth in § 1446(b) is strictly construed. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (failure to comply with express statutory requirements for removal renders removal defective and subject to remand). Notably, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

In cases in which there are multiple defendants, the rule of unanimity mandates that all defendants who have been properly joined and served join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). Each defendant has thirty days after receipt of service of the initial pleading or summons in which to file the notice of removal. 28 U.S.C. § 1446(b)(2)(B). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). Removal jurisdiction is narrowly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999).

In support of its motion to remand, Nationstar argues that the notice of removal was untimely because it was filed more than thirty days after service of the amended

Case No. 3:14cv494/MCR/CJK

complaint. DeMers does not dispute that she did not file her notice of removal until more than four months after the amended complaint was deemed filed. She insists, however, that she did not receive a copy of the amended complaint until September 15, 2014, at the earliest, and still has not been properly served. Nationstar disagrees, pointing out that a copy of its proposed amended complaint was attached to its motion to amend and DeMers acknowledged receipt of the amended complaint in various motions filed after the amended complaint and before the notice of removal.

As the removing party, DeMers has the burden of demonstrating that the court has jurisdiction over the matter. *See, e.g., Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."); *Bollea v. Wells Fargo Ins. Servs. Se., Inc.*, No. 8:10-cv-1085-T-33EAJ, 2010 WL 2889762, at *1 (M.D. Fla. July 22, 2010) ("It is well established that a removing party must present facts establishing its right to remove."). As the undersigned indicated in a prior order, whether or not a copy of the amended complaint was attached to plaintiff's motion to amend, DeMers, who is a practicing attorney, was aware that plaintiff sought to substitute Nationalstar as the plaintiff when it filed its motion to amend and that Nationstar, in fact, had been substituted as the plaintiff at the time the order granting the motion to amend was entered and could have ascertained at that time that the case was removable. *See, e.g., Williams v. Heritage Operating, L.P.*, No. 8:07-cv-977-T-24MSS, 2007 WL 2729652, at *2 (M.D. Fla. Sept. 18, 2007) ("The Court finds that even if Defendant had not already waived its right to removal, Defendant certainly was able to ascertain that the case had become removable by May 3, 2007, when it received Plaintiff's motion to amend. Plaintiff's motion to amend served as a trigger placing Defendant on notice that the thirty day clock had commenced, as demonstrated by the language of the statute.").

The undersigned allowed DeMers an opportunity to address the issue through the filing of an amended notice of removal or supplemental response to Nationstar's motion to remand and again at the hearing. DeMers failed to offer proof establishing when she, in fact, knew or should have known that the case was removable. The undersigned therefore finds that DeMers has failed to establish that her notice of removal was filed within the thirty days allowed under 28 U.S.C. § 1446(b)(3).

Even if DeMers had removed the matter within the thirty-day time period, removal is barred by the one-year limitation set forth in 28 U.S.C. § 1446(c)(1). *See, e.g., Hill v. Allianz Life Ins. Co. of N. Am.*, 51 F. Supp. 3d 1277, 1281 (M.D. Fla. 2014) (noting that, in the absence of bad faith, the court must remand a case filed more than one year after commencement of the action). Although DeMers argued both at the hearing and in papers she has filed that plaintiff repeatedly has failed to timely serve her with copies of documents it has filed, DeMers offered no evidence that plaintiff has acted in bad faith at any time, much less in an effort to prevent her from timely removing the action. The undersigned thus also finds that removal is barred by the one-year time limitation set forth in 28 U.S.C. § 1446(c)(1). *See, e.g., Columbus, Ga. v. Expedia, Inc.*, No. 4:11-CV-104(HL), 2011 WL 4102337, at *2 (M.D. Ga. Sept. 14, 2011) (holding that, "[i]n light of the requirement that removal statutes be narrowly construed, § 1446's one year limitation must be strictly applied" and noting that, in its report regarding the proposed amendment to the removal statute to add the one-year limitation, the House Committee on the Judiciary stated that the purpose of the one-year limitation was to provide a "'means of reducing the opportunity for removal after substantial progress has been made in state court'"); *Whittington v. Watkins*, No. 09-0772-KD-C, 2010 WL 1141434, at *3 (S.D. Ala. March 22, 2010) (noting that the Eleventh Circuit has "recognized that even though

some might regard certain bright-line 'limitations on federal removal jurisdiction (e.g. the removal bar for in-state defendants and the one year time limit for diversity removals)' as arbitrary and unfair, those limitations 'are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove'") (quoting *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)).

Finally, remand is warranted based on the fact that not all of the defendants have joined in the removal as required by 28 U.S.C. § 1446(b)(2)(A), a fact DeMers does not dispute.

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's Motion to Remand (doc. 5) be GRANTED and that this matter be remanded to the state court from which it was removed.

2. That the clerk of court be directed to close the file.

At Pensacola, Florida, this 29th day of April, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**